In the Matter of NEW YORK CENTRAL RAILROAD COMPANY, Respondent, against VINCENT C. MANZELLA et al., as Assessors of the City of Buffalo, Appellants. (Three Proceedings.)

Fourth Department, January 14, 1959.

*Anthony Manguso, Corporation Counsel,* for appellants.

*Vaughan, Brown, Kelly, Turner & Symons* for respondent.

*Per Curiam.* The New York Central Railroad is the petitioner in each of three proceedings under article 13 of the Tax Law to review the local assessments on its real property in the City of Buffalo for the years 1955, 1956 and 1957. That part of the petition pertinent to this appeal is paragraph Seventh, reading in part as follows: " Seventh: — That said assessments against the petitioner are illegal, void, incorrect, unjust, excessive and erroneous for the reason that the valuations placed on the said property are unequal and not in proportion to the valuations placed on all the other properties set forth in said alleged roll, but are in excess thereof, and are assessed at a higher propor-

tionate value than all the other properties on the same roll. That said sums are greatly in excess of the full and true value of all the lands and real property of the petitioner in said municipal corporation, exclusive of its alleged special franchises. *That contrary to the requirements of law, all the real property of owners other than said petitioner in said municipal corporation is assessed on said roll, not at its full value at a sum not exceeding sixty percent (60%) of the full and true value thereof "*. (Emphasis supplied.)

The respondents, the Board of Assessors, have not served any answer to the petitions. Section 292 of the Tax Law provides that if the respondent fails to serve an answer within the required time that the allegations of the petition shall be deemed denied.

The petitioner moved at Special Term to compel the respondents to serve an answer to the petition. That motion was denied and no appeal was taken. Thereafter the petitioner moved at Special Term to strike out the so-called " deemed denial " with respect to the equalization rate of 60% as alleged in paragraph Seventh of the petition on the ground that the " deemed denial " is sham and frivolous, and for an order determining that the equalization rate of 60% as alleged in the petition stand admitted. This appeal is from the order granting the motion.

Section 292 of the Tax Law entitled " Answer " reads in part as follows: " However, if the respondent fails to serve such answer within the required time, all allegations of the petition shall be deemed denied." The petitioner maintains that in the absence of an answer the denial directed by the statute is actually a false denial and is subject to a motion to strike out as sham and frivolous under rule 103 of the Rules of Civil Practice. Rule 103 is entitled: " Striking out matter contained in a pleading ". Here, there is no answer and that is the reason for the application of the provision of the statute. Rule 103 by its terms relates only to a pleading served by a party. The Special Term was without power to set aside the plain mandate of the statute.

In any event, we do not regard the statutory denial as sham or frivolous. The petitioner's claim of inequality rests upon the proposition that its property is assessed higher in proportion to its value than other property in the same tax roll. The 60% equalization rate is determined by the State Tax Commission. It is not necessarily the same as the ratio between the assessed value and the true value of other properties in the particular tax district. In providing for the equalization rate the Legislature recognized that the ratio of the assessed value

to the true value varies in the various tax districts. The equalization rate is designed to bring into just relation the valuation of all real property for the purpose of computing the State tax. (See Tax Law, §§ 50, 174.) The equalization rate established by the State Tax Commission does not necessarily reflect the ratio of assessed value to the true value in a particular tax district. The ratio fixed by the State Tax Commission is for a wholly different purpose. The method of determining the issue of inequality is set forth in section 293 of the Tax Law. It follows that the statutory denial is not sham or frivolous. (See *People ex rel. Yaras* v. *Kinnaw*, 303 N. Y. 224.)

The order appealed from should be reversed, without costs, and the motion denied.

All concur. Present — McCURN, P. J., WILLIAMS, BASTOW, GOLDMAN and HALPERN, JJ.

Order reversed, without costs of this appeal to any party, and motion denied, without costs.